IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
**Civil Action No.: 1:04 CV 397**



REBEKAH EFIRD,

    Plaintiff,

vs.

D. BRAD RILEY, SHERIFF OF
CABARRUS COUNTY,

    Defendants.

**STIPULATED PROTECTIVE ORDER**

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the consent and agreement of counsel, the Court enters the following order:

    1. Plaintiff claims wrongful termination in violation of Title IV.

    2. Plaintiff has served discovery requests on Defendant Riley, including a request for certain personnel files and records protected by N.C. Gen. Stat. § 153A-98. The Defendant has provided some information and documents in response to Plaintiff's discovery and has asserted objections to some of the requests based on concerns of confidentiality and other concerns. The parties have agreed-that the discovery shall be produced subject to appropriate objections, and may be used subject to the terms of this order

    WHEREFORE, IT IS HEREBY ORDERED that:

    1.    The discovery in this action shall be produced, subject to appropriate objections, and maybe used in this action, subject to the terms of this order.

    2.    "Confidential Information" as used herein means:

    a.    All information and documents made confidential by N.C. Gen. Stat. §153A-98 and ordered by this Court to be made available to the parties;

    b.    Any documents or information which is contained in any personnel file maintained by any party;

    c.    All medical, psychological or other physical or mental health related records;

d. All proprietary, financial or other sensitive information, which is not generally accessible to the public, is entitled to an expectation of privacy, and is otherwise treated by a party as confidential.

3. All documents and information provided in response to an interrogatory, a request for production of documents, a deposition question or other discovery which fall within the definition of "Confidential Information" set forth above shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Order, provided that any party designates such documents or information as "confidential, a the time of production or disclosure; or in the event of a deposition, within 30 days after the transcript of the deposition is prepared.

4. Confidential Information, as defined above, shall only be used for purposes of this litigation, and shall not be disclosed or made available to anyone except:

a. The Court;

b. The parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

c. Counsel for the parties to this action and employees of said counsel;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

e. Any third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

f. Court reporters or videographers engaged to record depositions, hearings or trials in this action.

Prior to disclosing confidential information to any person listed in subparagraphs (d) or (e) above counsel shall inform the person to whom the disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order. In the event that any party desires to provide any confidential information, as designated herein, to any other person, the party is entitled to request permission to do so of the Court through appropriate motion and the party shall not be prejudiced by the party's consent to this order.

5. This Order shall not restrict the use of Confidential Information during

depositions, any hearing, the trial of this matter, or any appellate proceeding, Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility or discoverability of any Confidential Information in connection with any proceeding in this action.

6. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate motion to the Court, any designation herein by the opposing party at any time during this litigation.

7. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation ( ncluding appeals or petitions for review), the parties' counsel, their staff, and all experts for the parties shall return all confidential documents produced pursuant to this Order (including all Xeroxed copies of the same) to the party producing said document; provided, counsel shall be permitted to maintain such documents for their case flies, which shall continue to be subject to the terms of this Order.

8. Subject to the terms of this Order, Defendant Riley shall produce all personnel files and records and other information and documents made confidential by N.C. Gen Stat. § 153A-98, as well as all other information requested by plaintiff which is discoverable under Rule 26.

_____
Judge Wallace W. Dixon

CONSENTED TO:

Brooks Law Office

BY: _____
Tamara Brooks
Attorney for Plaintiff
5120 Monroe Rd.
Charlotte, NC 28205


Smith Law Firm, P.C.

BY: _____
John Brem Smith
Attorney for Defendant
5950 Fairview Rd.
Suite 710
Charlotte, NC 28210